These were two actions, originally; the first action being entitled H. D. Sloan v. Cooper Guano Company and W. B. Cooper; the second action being entitled Cooper Guano Company v. H. D. Sloan. By consent, the two actions were consolidated and tried together. Upon the trial it was admitted that H. D. Sloan was indebted to Cooper Guano Company in the sum of $697.54, with interest thereon from 11 November, 1916, and that Cooper Guano Company was the owner of and entitled to the possession of the property described in the affidavit of claim and delivery filed in the case of Cooper Guano Company v. H. D. Sloan, and that the value of said property at the time of seizure was $1,000. Issues were submitted in conformity with this agreement, and answered by the court, as will appear in the judgment.
The only questions for the consideration of the court arose upon the complaint in the case of H. D. Sloan v. Cooper Guano Company, and the counterclaim set up in the answer of H. D. Sloan in the case of Cooper Guano Company v. H. D. Sloan, alleging that the Cooper company agreed to pay Sloan 50 cents per ton on all fertilizers sold to the members of the Farmers' Union in Sampson County, which was denied by the Cooper company. Both parties introduced evidence in support of their claims.
The jury returned a verdict in favor of Sloan, and the Cooper Company appealed from the judgment rendered thereon. *Page 691 
The controversy is one entirely of fact dependent upon the terms of the contract, which the jury has resolved against the appellant.
Most of the exceptions are to the refusal to give certain instructions, which were predicated on the version of the contract given by the Cooper company, and could not have been given, because they required the judge, and not the jury, to decide the fact.
We find no error in the trial.
No error.